# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00290-RJC-DSC

| | |
|---|---|
| WAGAYE GOBENA, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| COURIERNET INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss and Compel Arbitration" (document # 9) and the parties' briefs and submissions.

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2018). The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3 (2018). The Supreme Court has described the FAA as "a liberal federal policy favoring arbitration." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011) (citation omitted). Furthermore, the Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 570 U.S. 228, 233 (2013) (internal quotation omitted). The court must compel arbitration if: "(i) the parties have entered into a valid agreement to arbitrate, and (ii) the dispute

in question falls within the scope of the arbitration agreement." <u>Chorley Enter., Inc. v. Dickey's Barbecue Rest., Inc.</u>, 807 F.3d 553, 563 (4th Cir. 2015). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles regulating contract formation. <u>First Options of Chi., Inc. v. Kaplan</u>, 514 U.S. 938, 944 (1995).

The court must also compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. <u>Perry v. Thomas</u>, 482 U.S. 483, 489-491 (1987) (holding state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements); <u>Am. Gen. Life & Accident Ins. Co. v. Wood</u>, 429 F.3d 83, 90 (4th Cir. 2005) (explaining that FAA preempts state law barring arbitration of certain claims).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>United Steelworkers v. Warrior & Gulf Navigation Co.</u>, 363 U.S. 574, 582 (1960).  <u>See also</u> <u>AT & T Tech., Inc. v. Commc'ns Workers</u>, 475 U.S. 643, 648 (1986); <u>Johnson v. Circuit City Stores, Inc.</u>, 148 F.3d 373, 377 (4th Cir. 1998); <u>Arrants v. Buck</u>, 130 F.3d 636, 640 (4th Cir. 1997).

Applying those legal principles, the Court concludes that limited discovery is necessary on the issue of whether the parties agreed to arbitration. Plaintiff disputes the authenticity of her signature on the arbitration agreement. This issue should be easily clarified through limited discovery. Accordingly, the Court will administratively deny Defendant's "Motion to Dismiss and Compel Arbitration" (document #9) without prejudice to its right to renew the Motion following completion of limited discovery.

**IT IS HEREBY ORDERED** that:

1. Plaintiff's "Motion to Dismiss and Compel Arbitration" (document #9) is **ADMINISTRATIVELY DENIED WITHOUT PREJUDICE** to its right to renew the Motion following completion of limited discovery.

2. The parties shall conduct limited discovery with a deadline of November 16, 2020. Discovery shall be limited to the issue of the authenticity of Plaintiff's signature on the arbitration agreement.

3. The Clerk is directed to send copies of this Order to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED**.

Signed: August 18, 2020

David S. Cayer
United States Magistrate Judge