IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00290-RJC-DSC

| | |
|---|---|
| WAGAYE GOBENA, on behalf of herself and all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COURIERNET INC., )<br>)<br>)<br>Defendant. ) | **MEMORANDUM<br>AND<br>RECOMMENDATION** |

**THIS MATTER** is before the Court on Defendant's "Renewed Motion to Dismiss and Compel Arbitration," Doc. 23, and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is now ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be administratively <u>denied</u> as moot without prejudice and Defendant's Motion to Compel Arbitration be <u>granted</u> as discussed below.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Wagaye Gobena ("Gobena") is a former employee of Defendant CourierNet Inc. ("CourierNet"), a company specializing in on-demand deliveries, pharmaceutical transportation, and custom distribution networks. Doc. 1 at 3-4. Gobena worked as a dispatcher and courier at CourierNet's offices in Morrisville and Cary, North Carolina. <u>Id.</u> at 3. She signed an

1

Case 3:20-cv-00290-KDB-DSC    Document 30    Filed 02/24/21    Page 1 of 11

Employment Agreement dated July 11, 2016 when hired by CourierNet. Doc. 9-3 at 14. The Employment Agreement contained two pertinent clauses:

> 12. <u>Duty to Seek Early Resolution Conference</u>: This Agreement is understood to be clear and enforceable as written and is executed by both parties on that basis. However, to help avoid unnecessary disputes and litigation, if Employee has grounds to challenge the enforceability of any provision of this Agreement, Employee shall give Company at least thirty (30) calendar days advance notice in writing before Employee engages in any conduct that would foreseeably violate the terms of this Agreement. Employee shall meet with the Company in a good faith attempt to resolve any disagreements between the parties if the Company desires such a meeting. Employee agrees that if the Company elects to take no action in response to Employee's notification, such decision shall not be considered a waiver of any rights to subsequent relief that the Company may have.
>
> 17. <u>Arbitration</u>: (a) In consideration for his continued employment with the Company, and other consideration, the sufficiency of which is hereby acknowledged, Employee acknowledges and agrees that any controversy or claim arising out of or relating to Employee's employment, termination of employment, or written employment agreement with the Company that is protected by any federal, state, or local statute, regulation, or common law, shall be settled by arbitration pursuant to the Federal Arbitration Act. This includes violations or alleged violations of any federal or state statute or common law (including, but not limited to, the laws of the United States or of any state, or the Constitution of the United States or of any state), or of any other law, statute, ordinance, including but not limited to, the Age Discrimination in Employment Act, Title VII of the Civil Rights Act of 1964, as amended [. . .] and any other statute or common law.

Doc. 9-3 at 8, 10. She did not sign a separate arbitration agreement. No representative from CourierNet signed the Employment Agreement simultaneously with Gobena in July 2016.

On May 22, 2020, Gobena, individually and on behalf of all others similarly situated, brought a collective and class action Complaint against Defendant. Doc. 1. The Complaint alleges violations of the Fair Labor Standards Act, the North Carolina Wage and Hour Act, and the Age Discrimination in Employment Act. She also brings individual claims for Age Discrimination, Hostile Work Environment, Wrongful Termination, and Retaliation and Wrongful Discharge in Violation of North Carolina Public Policy.

On June 19, 2020, Defendant filed a Motion to Dismiss and Compel Arbitration. Doc. 9. The Employment Agreement attached to Defendant's Motion bore the signature of Jay Arena, the CEO of CourierNet, and Gobena. Doc. 9-3 at 14.

On July 13, 2020, Gobena attached a "28 U.S.C. § 1746 DECLARATION OF WAGAYE GOBENA" in her Response in Opposition to Defendant's Motion. Doc. 15-4. In her Declaration, she stated, under oath, the following:

> ¶ 4: I have no recollection of ever previously seeing this purported agreement, much less signing it. In other words, I do not recall CourierNet providing me this agreement at any point during my employment with CourierNet.
>
> ¶ 6: I do not believe that the signature contained on the last page of the purported agreement is my signature; however, the signature present on the "Proprietary Information and Confidentiality Policy," or the last page of "Exhibit A" to CourierNet's Motion to Dismiss and Compel Arbitration, is my signature.

Doc. 15-4 at 3. On August 18, 2020, the Court entered an Order administratively denying Defendant's Motion to Dismiss and Compel Arbitration without prejudice to renew the Motion following completion of limited discovery. Doc. 18. The Court ordered limited discovery on the issue of the authenticity of Plaintiff's signature on the Employment Agreement. Id.

On November 4, 2020, Defendant deposed Gobena concerning the authenticity of her signature on the Employment Agreement. Counsel for Defendant asked her to look at Exhibit 7 (Doc. 27-3), which contained eight of her signatures. Doc. 21-1 at 7, 9. Counsel asked Gobena multiple times, "Is that your signature or appear to be your signature?" Doc. 21-1 at 12-14. Each time counsel asked that question in regard to Exhibit 7, Plaintiff's counsel objected, stating that she had not seen that document before the deposition. Id. at 7-9, 12-14. She instructed her client not to answer any questions about it. Id.

Plaintiff violated Rules 30(c)(2) and 37(b)(2) of the Federal Rules of Civil Procedure by refusing to comply with the Court's Order directing limited discovery on the authenticity of her

3

signature on the Employment Agreement. She raised the issue of the validity of her signature. By refusing to answer relevant questions about her signature, Plaintiff thwarted the purpose of the Court's limited discovery order. Plaintiff's counsel also failed to lodge a proper objection at the deposition.

The Court warns Plaintiff <u>and her counsel</u> that they must comply with the Court's orders, including the Pretrial Order and Case Management Plan, the Local Rules, and the Federal Rules of Civil Procedure. Failure to comply fully with any of the Court's orders, the Local Rules, or the Rules of Civil Procedure may result in imposition of sanctions. Sanctions may include Plaintiff and/or Plaintiff's counsel being ordered to pay Defendant's costs, including reasonable attorney's fees in their entirety, and may also include dismissal of the Complaint with prejudice.

On January 19, 2021, CourierNet renewed its Motion to Dismiss and Compel Arbitration. Doc. 23.

## II. <u>DISCUSSION</u>

### A.     Plaintiff's counsel did not lodge a proper objection at Gobena's deposition.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending action. <u>See</u> Fed. R. Civ. P. 26(b)(1); <u>see</u> <u>also</u> <u>Ralston Purina Co. v. McFarland</u>, 550 F.2d 967, 973 (4th Cir. 1977). The broad discovery rules permit "either party [to] compel the other to disgorge whatever facts he has in his possession." <u>Hickman v. Taylor</u>, 329 U.S. 495, 507 (1947). Rule 30 of the Federal Rules of Civil Procedure provides:

> An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; *the testimony is taken subject to any objection.* An objection must be stated concisely in a nonargumentative and nonsuggestive manner. *A person may instruct a deponent not to*

4

> *answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3).*

Fed. R. Civ. P. 30(c)(2) (emphasis added).

In the Fourth Circuit, "deposition questions must be answered, even if objection is made, unless a claim of evidentiary privilege is raised." Alexander v. Cannon Mills Co., 112 F.R.D. 404, 405 (M.D.N.C. 1986). A deponent not asserting a claim of evidentiary privilege "must answer deposition questions or affirmatively act under Fed. R. Civ. P. 30(d) to move to terminate or limit the examination." Id. (citing Ralston, 550 F.2d at 973–74). Questions that pertain to the subject matter of the pending action fall within the scope of discovery and should be answered. See Ralston, 550 F.2d at 973.

Plaintiff's counsel did not assert any evidentiary privilege or attempt to enforce a court-ordered limitation, as required if counsel was to instruct Gobena not to answer questions about Exhibit 7. See Fed. R. Civ. P. 30(c)(2). Rather, Gobena's counsel objected to Exhibit 7 on the grounds that she had not been provided with a copy before the deposition and the document was outside the scope of the Court's limited discovery Order. These are not valid objections. Deposition witnesses are routinely presented with documents that are not disclosed in advance. The Federal Rules of Civil Procedure only require parties to exchange exhibits before trial. See Fed. R. Civ. P. 26(a)(3)(A)(iii). No such rule compels the exchange of documents prior to a deposition or authorizes a party to refuse to answer questions on that basis.

Plaintiff raised the issue of the authenticity of her signature. When given an opportunity to address the validity of her signature, she refused to answer relevant questions. The questions about her signature were clearly "germane to the subject matter of the pending action" and should have been answered. See Ralston, 550 F.2d at 973–74. Plaintiff's counsel should have placed her objections to the questions on the record and evidence would have been taken subject

to such objection. See id. The Court's Order did not prohibit the comparison of signatures.  For the reasons set forth above, the Court concludes that the deposition questions about Exhibit 7 fell directly within the Court's limited discovery Order.

**B.     The arbitration agreement should be upheld.**

Defendant's Motion to Dismiss and Compel Arbitration is premised on the arbitration provision contained in the Employment Agreement. The Federal Arbitration Act ("FAA") establishes a liberal policy favoring arbitration. See Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2018). The FAA requires that agreements to arbitrate be in writing, but such agreements do not have to be signed "if the parties otherwise commit themselves by act or conduct." Dillon v. BMO Harris Bank, N.A., 173 F. Supp. 3d 258, 263 (M.D.N.C. 2016) (citing Real Color Displays, Inc. v. Universal Applied Techs. Corp., 950 F. Supp. 714, 717 (E.D.N.C.1997) (finding that the FAA imposes no requirement that a written arbitration agreement be signed by the party to be charged)).

The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3 (2018). "In determining a motion to compel arbitration, the court may consider matters outside of the pleadings, if necessary." Witness Insecurity, LLC v. Hale, No. 5:12-CV-293-JG, 2013 WL 12162297, at *3 (E.D.N.C. Sept. 27, 2013). The Supreme Court has held that "courts must rigorously enforce arbitration agreements according to their terms." Am. Exp. Co. v. Italian Colors Rest., 570 U.S.

228, 233 (2013) (internal quotation omitted). The court must compel arbitration if four elements are met:

> (1) the existence of a dispute between the parties;
> (2) a written agreement that includes an arbitration provision which purports to cover the dispute;
> (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce; and
> (4) the failure, neglect, or refusal of the defendant to arbitrate the dispute.

Galloway v. Santander Consumer USA, Inc., 819 F.3d 79, 84 (4th Cir. 2016) (citations omitted). In deciding whether the parties have an enforceable agreement to arbitrate, courts apply state law principles governing contract formation. First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).

On the other hand, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT & T Tech., Inc. v. Commc'ns Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

The party seeking to compel arbitration bears the burden of proving that a valid arbitration agreement exists. See Dillon, 173 F. Supp. 3d at 263. "The initial burden on a proponent of an arbitration agreement is not high." See id. at 269 (quoting United States v. Hassan, 742 F.3d 104, 133 (4th Cir. 2014)); see also Fed. R. Evid. 901. The Court must be satisfied there is an agreement to arbitrate. See 9 U.S.C. § 4; see also Dillon, 173 F. Supp. 3d at 269.

The party opposing arbitration bears the burden of proving that "the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 81 (2000). The

opponent "must unequivocally deny that there was an arbitration agreement and produce evidence to substantiate the denial." Dillon, 173 F. Supp. 3d at 264 (citation omitted).

The Court applies North Carolina contract law to determine whether the Employment Agreement mandates arbitration of Gobena's claims. First Options of Chi., Inc., 514 U.S. at 944. Gobena contends that the Employment Agreement fails because a condition precedent—the signature of both parties—was left unfulfilled at the time she filed her Complaint. The Agreement did not require contemporaneous signatures. See Galloway, 819 F.3d at 88 (citing Restatement (Second) of Contracts § 30(2) (1981) ("Unless otherwise indicated by the language or the circumstances, an offer invites acceptance in any manner and by any medium reasonable in the circumstances.")). In Real Color Displays, Inc. v. Universal Applied Techs. Corp., 950 F. Supp. 714, 718 (E.D.N.C.1997), the court noted that in arbitration, as in contract law, there is no requirement that the arbitration agreement be signed by the party to be charged.

The Employment Agreement bears the signature of Gobena. Doc. 9-3 at 14; Doc. 15-3 at 14; Doc. 27-2 at 14. She also assented to the Agreement by continuing to work for Defendant for almost four years. Likewise, the signature of Jay Arena, CEO of CourierNet on behalf of the company, signified its intent to be bound by the agreement. Therefore, a valid contract was formed between Gobena and Defendant. Unlike in Real Color, where the court held that the arbitration clause was binding even though defendant never signed it, Defendant has signed the Employment Agreement here. Doc. 27-2 at 14. Defendant has offered credible, admissible evidence to meet its initial burden of proving that an arbitration agreement exists. The Court is satisfied there is an agreement to arbitrate. See 9 U.S.C. § 4 (2018); see also Dillon, 173 F. Supp. 3d at 269.

8

Case 3:20-cv-00290-KDB-DSC    Document 30    Filed 02/24/21    Page 8 of 11

Furthermore, application of the four-part test for enforceability under the FAA shows that a dispute exists between the parties, the dispute involves interstate commerce,[1] and Gobena opposes arbitration. The first, third, and fourth elements are satisfied. The one element in contention is the second—namely, whether the arbitration clause in the Employment Agreement covers the parties' dispute.

The Fourth Circuit has held that a court "may not deny a party's request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 92 (4th Cir. 1996) (citation omitted). To effectuate that purpose, "the heavy presumption of arbitrability requires that when the scope of the arbitration clause is open to question, a court must decide the question in favor of arbitration." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989).

Here, the arbitration provision applies to "any controversy or claim arising out of or relating to Employee's employment, termination of employment, or written employment agreement with the Company[.]" Doc. 9-3 at 10. Gobena contends that she was misclassified as an independent contractor in her capacity as a courier. Doc. 1 at 1; Doc. 27 at 24. She argues that

---

[1] Under § 1, the FAA does not apply to disputes arising out of "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1 (2018). This exception "exempts from the FAA only contracts of employment of transportation workers." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119 (2001); see also O'Neil v. Hilton Head Hosp., 115 F.3d 272, 274 (4th Cir. 1997) (limiting section one's coverage to "workers actually involved in the interstate transportation of goods"). Gobena is not a transportation worker exempt from FAA. See Adkins v. Labor Ready, Inc., 303 F.3d 496, 505 (4th Cir. 2002) (FAA § 1 sets out a "narrowly targeted exception to a well-established, broad preference in favor of arbitration"). Her employment as a courier and dispatcher can be construed as work related to interstate commerce, satisfying the third element of the enforceability test under the FAA.

Furthermore, admissions in the Complaint show that Gobena was employed by CourierNet and this dispute arises out of that employment, which is subject to the FLSA. The Fourth Circuit has held that "FLSA claims may properly be resolved in mandatory arbitration proceedings." Adkins, 303 F.3d at 506. Gobena has also brought claims under the Age Discrimination in Employment Act. The Supreme Court has held that this statute does not preempt the FAA. Gilmer, 500 U.S. at 23.

the Agreement is only enforceable insofar as to compel arbitration of her claims relating to her employment as a dispatcher. Doc. 27 at 24.

But, in keeping with the "heavy presumption of arbitrability" "when the scope of the arbitration clause is open to question," the language in the arbitration clause encompasses Gobena's claims for violations of the Fair Labor Standards Act, the North Carolina Wage and Hour Act, and the Age Discrimination in Employment Act. See Peoples Sec. Life Ins. Co., 867 F.2d at 812. This language also encompasses Gobena's individual claims for Age Discrimination, Hostile Work Environment, Wrongful Termination, and Retaliation and Wrongful Discharge in Violation of North Carolina Public Policy. For those reasons, as well as the well-established precedent favoring arbitration, the Court finds that Defendant has met all the requirements for enforceability under the FAA. See Peoples Sec. Life Ins. Co., 867 F.2d at 812.

Since Defendant has satisfied its burden, Gobena must "unequivocally deny that there was an arbitration agreement and produce evidence to substantiate the denial." Dillon, 173 F. Supp. 3d at 264. When shown documents containing her purported signature, she failed to acknowledge or dispute the signatures. She simply refused to answer. Gobena has failed to produce sufficient evidence to substantiate her denial. Her argument that no contract was formed because a condition precedent was not timely fulfilled fails, as discussed *supra*. Gobena conducted herself as if this was a valid Employment Agreement. She has failed to meet her burden of proving that the claims at issue are unsuitable for arbitration. Accordingly, the arbitration agreement is enforceable. The parties are bound by its terms and required to submit this dispute to arbitration. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Compel Arbitration be granted.

10
Case 3:20-cv-00290-KDB-DSC    Document 30    Filed 02/24/21    Page 10 of 11

## III. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendant's "Renewed Motion to Dismiss and Compel Arbitration," Doc. 23, be **DENIED** in part and **GRANTED** in part. Specifically, the undersigned respectfully recommends that Defendant's Motion to Dismiss be administratively **DENIED** as moot without prejudice and Defendant's Motion to Compel Arbitration be **GRANTED.**

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED**.

Signed: February 24, 2021

David S. Cayer
United States Magistrate Judge