IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-CV-00290-KDB-DSC

| | |
|---|---|
| WAGAYE GOBENA,<br><br>Plaintiff,<br><br>v.<br><br>COURIERNET, INC.,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Defendant's Renewed Motion to Dismiss and Compel Arbitration (Doc. No. 23), the Memorandum and Recommendation of the Honorable Magistrate Judge David S. Cayer ("M&R") entered February 24, 2021 (Doc. No. 30), and Plaintiff's Objection to the M&R (Doc. No. 31).

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

1

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

After an independent review of the Magistrate Judge's detailed and thorough M&R, the Plaintiff's Objection thereto, and a *de novo* review of the motions and the full record in this matter, the Court concludes that the recommendation that Defendant's request to compel arbitration be granted is correct and in accordance with the law.

Plaintiff raises three objections to Magistrate Judge Cayer's M&R. (Doc. No. 31). First, she argues that the M&R errs when it allegedly implicitly concludes that an adverse inference should be drawn against Plaintiff because her counsel instructed her not to answer questions relating to Defendant's "signature" exhibit during her deposition. However, the M&R does no such thing. Instead, the M&R simply, and correctly, points out that Plaintiff failed to raise any valid objections during the deposition that would excuse her refusal to answer pertinent questions.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any non-privileged matter that is relevant to the subject matter involved in the pending action. *See* Fed. R. Civ. P. 26(b)(1); *see also Ralston Purina Co. v. McFarland*, 550 F.2d 967, 973 (4th Cir. 1977). In the Fourth Circuit, "deposition questions must be answered, even if objection is made, unless a claim of evidentiary privilege is raised." *Alexander v. Cannon Mills Co.*, 112 F.R.D. 404, 405 (M.D.N.C. 1986). A deponent not asserting a claim of evidentiary privilege "must answer deposition questions or affirmatively act under Fed. R. Civ. P. 30(d) to move to terminate or limit the examination." *Id*. (citing *Ralston*, 550 F.2d at 973–74). Plaintiff raised the issue of the authenticity of her signature on the Employment Agreement and the Court accordingly ordered limited discovery on the issue. (Doc. No. 18). When given an opportunity to address the

authenticity of her signature, Plaintiff's counsel refused to allow Plaintiff to answer Defendant's questions. Questions regarding Plaintiff's signature are indisputably "germane to the subject matter of the pending action" and should have been answered. *See Ralston*, 550 F.2d at 973. Additionally, Plaintiff's argument that asking her to identify her *own* signature would require an analysis that "could only be performed by a handwriting expert" is absurd. An indisputably common question at civil depositions is whether the deponent recognizes his or her signature on a document. This requires no "expert" analysis, but only a deponent relying on obvious personal knowledge of their own signature.

Second, Plaintiff argues the M&R errs by concluding the condition precedent in the Employment Agreement – the signature of both parties – could be satisfied by Defendant at any time. However, the M&R correctly concludes the agreement did not require contemporaneous signatures. *See Galloway v. Santander Consumer USA, Inc.*, 819 F.3d 79, 88 (4th Cir. 2016) (citing Restatement (Second) of Contracts § 30(2) (1981) ("Unless otherwise indicated by the language or the circumstances, an offer invites acceptance in any manner and by any medium reasonable in the circumstances.")); *Int'l Paper Co. v. Schwabedissen Maschinen & Anlagen GMBH*, 206 F.3d 411, 416 (4th Cir. 2000) ("[A] party can agree to submit to arbitration by means other than personally signing a contract containing an arbitration clause."); *Real Color Displays, Inc. v. Universal Applied Techs. Corp.,* 950 F. Supp. 714, 717–18 (E.D.N.C. 1997) (finding that the FAA imposes no requirement that a written arbitration agreement be signed by the party to be charged); *see generally Martin v. Vance,* 133 N.C. App. 116, 121, 514 S.E.2d at 309 (N.C. Ct. App. 1999) (plaintiff's signature was "a 'clear and unambiguous' certification of her willingness to submit disputes arising from her employment with Duke to the grievance procedure."). Nevertheless, the Employment Agreement was signed by both parties and, furthermore, Plaintiff signified her assent

3

to the agreement by continuing to work for the Defendant. *See Collie v. Wehr Dissolution Corp.*, 345 F. Supp. 2d at 555, 559 (M.D.N.C. 2004) (citing *Real Color Displays,* 950 F. Supp. at 717–18 (finding that a party may evidence an intent to be bound by the party's actions or conduct)).

Lastly, Plaintiff contends the M&R's conclusion that the arbitration provision in the Employment Agreement covers Plaintiff's claims relating to her capacity as a courier is clearly erroneous. She argues that after the date Defendant alleges Plaintiff executed the Employment Agreement, Plaintiff executed a separate and distinct agreement with Defendant, an Independent Contractor Agreement, and that this agreement explicitly states that it applies to Plaintiff's capacity as a courier. Therefore, Plaintiff maintains that the later agreement supersedes any prior agreement between the Parties relating to Plaintiff's work as a courier. The fatal flaw in this argument is that the Independent Contractor Agreement does not supersede the Employment Agreement because they were not entered into by the same parties. The parties to the Independent Contractor Agreement are Defendant and "GoBe Concierge," a limited liability corporation (LLC) that Plaintiff set up at Defendant's request using her daughter's social security number. (*See* Doc. No. 20 at 3, n.3.) In contrast, the Employment Agreement is between Plaintiff, in her personal capacity, and the Defendant.

The Employment Agreement contains an arbitration provision that applies to "any controversy or claim arising out of or relating to Employee's employment, termination of employment, or written employment agreement . . ." (Doc. No. 9-3, ¶17.). In keeping with the "heavy presumption of arbitrability" when the scope of an arbitration clause is open to question, the language in the arbitration clause at issue here is broad enough to encompass all of Plaintiff's claims. *See Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co.*, 867 F.2d 809, 812 (4th Cir. 1989).

Therefore, the findings and conclusions of the Magistrate Judge are **ADOPTED** and the Defendants' Motion to Dismiss and to Compel Arbitration will be **GRANTED** in accordance with the M&R.

**ORDER**

**NOW THEREFORE IT IS ORDERED THAT** Defendants' Motion to Dismiss and to Compel Arbitration is **GRANTED.** The Parties are ordered to proceed with their dispute in arbitration in accordance with their agreement.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: January 31, 2022

Kenneth D. Bell
United States District Judge